MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------X
JOSE AGUSTIN ORTEGA EUSTATE, JULIO
CESAR LARA, and VICTOR CASTILLO
HIDALGO, *individually and on behalf of others*
*similarly situated,*

|  |  |
|---|---|
| *Plaintiffs*, | **COMPLAINT** |
| -against- | **COLLECTIVE ACTION UNDER** **29 U.S.C. § 216(b)** |
| AMENDOLA PIZZA TRATTORIA INC. (D/B/A AMENDOLA PIZZA), AMENDOLA'S PIZZARIA, INC. (D/B/A AMENDOLA PIZZA), MATTEO AMENDOLA, MATTHEW AMENDOLA, and SEVERIO AMENDOLA , | **ECF Case** |
| *Defendants.* | |

-------------------------------------------------------X

Plaintiffs Jose Agustin Ortega Eustate, Julio Cesar Lara, and Victor Castillo Hidalgo,

individually and on behalf of others similarly situated (collectively, "Plaintiffs"), by and through

their attorneys, Michael Faillace & Associates, P.C., upon their knowledge and belief, and as

against Amendola Pizza Trattoria Inc. (d/b/a Amendola Pizza), Amendola's Pizzaria, Inc. (d/b/a

Amendola Pizza), ("Defendant Corporations"), Matteo Amendola,  Matthew Amendola, and

Severio Amendola, ("Individual Defendants"), (collectively, "Defendants"), allege as follows:

## NATURE OF ACTION

1.      Plaintiffs are both current and former employees of Defendants Amendola Pizza Trattoria Inc. (d/b/a Amendola Pizza), Amendola's Pizzaria, Inc. (d/b/a Amendola Pizza), Matteo Amendola, Matthew Amendola, and Severio Amendola.

2.       Defendants own, operate, or control an Italian restaurant, located at 203 E Hartsdale Ave., Hartsdale, NY 10530 under the name "Amendola Pizza."

3.      Upon information and belief, individual Defendants Matteo Amendola, Matthew Amendola, and Severio Amendola, serve or served as owners, managers, principals, or agents of Defendant Corporations and, through these corporate entities, operate or operated the restaurant as a joint or unified enterprise.

4.      Plaintiffs have been employees of Defendants.

5.      Plaintiffs have been employed as delivery workers at the restaurant located at 203 E Hartsdale Ave., Hartsdale, NY 10530.

6.      Plaintiffs have ostensibly been employed as delivery workers. However, they have been required to spend a considerable part of their work day performing non-tipped duties, including but not limited to putting tables and chairs away at night, sweeping, assembling pizza boxes, cleaning the floor, cleaning the windows, folding cardboard boxes, cleaning the tables, placing the chairs on the tables when they mop the floor and placing them back on the floor, and shopping for supplies (hereafter the "non-tipped duties").

7.      At all times relevant to this Complaint, Plaintiffs have worked for Defendants in excess of 40 hours per week, without appropriate minimum wage, overtime, and spread of hours compensation for the hours that they have worked.

8.      Rather, Defendants have failed to maintain accurate recordkeeping of the hours worked, failed to pay Plaintiffs appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

9.      Further, Defendants have failed to pay Plaintiffs the required "spread of hours" pay for any day in which they have had to work over 10 hours a day.

10.      Defendants have employed and accounted for Plaintiffs as delivery workers in their payroll, but in actuality their duties have required a significant amount of time spent performing non-tipped duties alleged above.

11.      Regardless, at all relevant times, Defendants have paid Plaintiffs at a rate that is lower than the required tip-credit rate.

12.      However, under both the FLSA and NYLL, Defendants are not entitled to take a tip credit because Plaintiffs' non-tipped duties have exceeded 20% of each workday, or 2 hours per day, whichever is less in each day.  12 N.Y. C.R.R. §146.

13.      Upon information and belief, Defendants have employed the policy and practice of disguising Plaintiffs' actual duties in payroll records by designating them as delivery workers instead of non-tipped employees. This has allowed Defendants to avoid paying Plaintiffs at the minimum wage rate and has enabled them to pay them below the lower tip-credit rate (which they still have failed to do).

14.      Defendants' conduct has extended beyond Plaintiffs to all other similarly situated employees.

15.      At all times relevant to this Complaint, Defendants have maintained a policy and practice of requiring Plaintiffs and other employees to work in excess of forty (40) hours per week

without providing the minimum wage and overtime compensation required by federal and state law and regulations.

16.    Plaintiffs now bring this action on behalf of themselves, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL"), and the "spread of hours" and overtime wage orders of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 146-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees and costs.

17.    Plaintiffs seek certification of this action as a collective action on behalf of themselves, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

18.    This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367(a).

19.    Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate an Italian restaurant located in this district.  Further, Plaintiffs have been employed by Defendants in this district.

## PARTIES

*Plaintiffs*

20.     Plaintiff Jose Agustin Ortega Eustate ("Plaintiff Ortega" or "Mr. Ortega") is an adult individual residing in Bronx County, New York. Plaintiff Ortega has been employed by Defendants at Amendola Pizza from approximately August 2015 until the present date.

21.     Plaintiff Julio Cesar Lara ("Plaintiff Lara" or "Mr. Lara") is an adult individual residing in Bronx County, New York. Plaintiff Lara was employed by Defendants at Amendola Pizza from approximately April 2016 until on or about March 30, 2017.

22.     Plaintiff Victor Castillo Hidalgo ("Plaintiff Castillo" or "Mr. Castillo") is an adult individual residing in Bronx County, New York. Plaintiff Castillo has been employed by Defendants at Amendola Pizza from approximately March 2017 until the present date.

*Defendants*

23.     At all relevant times, Defendants owned, operated, or controlled an Italian restaurant, located at 203 E Hartsdale Ave., Hartsdale, NY 10530 under the name "Amendola Pizza."

24.     Upon information and belief, Amendola Pizza Trattoria Inc. (d/b/a Amendola Pizza) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 203 E Hartsdale Ave., Hartsdale, NY 10530.

25.     Upon information and belief, Amendola's Pizzaria, Inc. (d/b/a Amendola Pizza) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 203 E Hartsdale Ave., Hartsdale, NY 10530.

26.     Defendant Matteo Amendola is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Matteo Amendola is sued individually in his capacity as owner, officer and/or agent of Defendant Corporations. Defendant

Matteo Amendola possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, and controls significant functions of Defendant Corporations. He determines the wages and compensation of the employees of Defendants, including Plaintiffs, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

27.     Defendant Matthew Amendola is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Matthew Amendola is sued individually in his capacity as owner, officer and/or agent of Defendant Corporations. Defendant Matthew Amendola possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, and controls significant functions of Defendant Corporations. He determines the wages and compensation of the employees of Defendants, including Plaintiffs, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

28.     Defendant Severio Amendola is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Severio Amendola is sued individually in his capacity as owner, officer and/or agent of Defendant Corporations. Defendant Severio Amendola possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, and controls significant functions of Defendant Corporations. He determines the wages and compensation of the employees of Defendants, including Plaintiffs, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

29.     Defendants operate an Italian restaurant located in the town of Hartsdale in Westchester County.

30.     Individual Defendants, Matteo Amendola, Matthew Amendola, and Severio Amendola, possess operational control over Defendant Corporations, possess ownership interests in Defendant Corporations, and control significant functions of Defendant Corporations.

31.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

32.     Each Defendant possessed substantial control over Plaintiffs' (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiffs, and all similarly situated individuals, referred to herein.

33.     Defendants jointly employed Plaintiffs (and all similarly situated employees) and are Plaintiffs' (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq.* and the NYLL.

34.     In the alternative, Defendants constitute a single employer of Plaintiffs and/or similarly situated individuals.

35.     Upon information and belief, Individual Defendants Matteo Amendola, Matthew Amendola, and Severio Amendola operate Defendant Corporations as either alter egos of themselves and/or fail to operate Defendant Corporations as entities legally separate and apart from themselves, by among other things:

> a)  failing to adhere to the corporate formalities necessary to operate Defendant Corporations as Corporations,

b)  defectively forming or maintaining the corporate entities of Defendant Corporations, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

c)  transferring assets and debts freely as between all Defendants,

d)  operating Defendant Corporations for their own benefit as the sole or majority shareholders,

e)  operating Defendant Corporations for their own benefit and maintaining control over these corporations as closed Corporations,

f)  intermingling assets and debts of their own with Defendant Corporations,

g)  diminishing and/or transferring assets of Defendant Corporations to avoid full liability as necessary to protect their own interests, and

h)  Other actions evincing a failure to adhere to the corporate form.

36.     At all relevant times, Defendants have been Plaintiffs' employers within the meaning of the FLSA and New York Labor Law. Defendants have had the power to hire and fire Plaintiffs, have controlled the terms and conditions of employment, and have determined the rate and method of any compensation in exchange for Plaintiffs' services.

37.     In each year from 2015 to 2018, Defendants have, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

38.     In addition, upon information and belief, Defendants and/or their enterprise have been directly engaged in interstate commerce. As an example, numerous items that are used in the restaurant on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiffs*

39.     Plaintiffs are both current and former employees of Defendants who ostensibly have been employed as delivery workers. However, they have spent over 20% of each shift performing the non-tipped duties described above.

40.     Plaintiffs seek to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Jose Agustin Ortega Eustate*

41.     Plaintiff Ortega has been employed by Defendants from approximately August 2015 until the present date.

42.     Defendants have ostensibly employed Plaintiff Ortega as a delivery worker.

43.     However, Plaintiff Ortega has also been required to spend a significant portion of his work day performing the non-tipped duties described above.

44.     Although Plaintiff Ortega has ostensibly been employed as a delivery worker, he has spent over 20% of each day performing non-tipped work throughout his employment with Defendants.

45.     Plaintiff Ortega has regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

46.     Plaintiff Ortega's work duties have required neither discretion nor independent judgment.

47.     Throughout his employment with Defendants, Plaintiff Ortega has regularly worked in excess of 40 hours per week.

48.     From approximately August 2015 until on or about August 2016, Plaintiff Ortega worked as a delivery worker from approximately 11:30 a.m. until on or about 9:30 p.m., Tuesdays and Wednesdays, from approximately 11:30 a.m. until on or about 8:00 p.m., Thursdays and Fridays,

from approximately 12:00 p.m. until on or about 8:00 p.m., Saturdays, and from approximately 12:00 p.m. until on or about 7:00 p.m., Sundays (typically 52 hours per week).

49.     From approximately November 2016 until the present date, Plaintiff Ortega has worked as a delivery worker from approximately 11:30 a.m. until on or about 9:30 p.m., Tuesdays, from approximately 11:30 a.m. until on or about 8:00 p.m., Wednesdays, from approximately 5:00 p.m. until on or about 9:30 p.m., Thursdays, from approximately 5:00 p.m. until on or about 10:00 p.m., Fridays, from approximately 12:00 p.m. until on or about 8:00 p.m., Saturdays, and from approximately 5:00 p.m. until on or about 9:00 p.m., Sundays (typically 40 hours per week).

50.     Throughout his employment, Defendants have paid Plaintiff Ortega his wages in cash.

51.     From approximately August 2015 until the present date, Defendants have paid Plaintiff Ortega $6.00 per regular and overtime hours.

52.     Plaintiff Ortega's pay has never varied even when he has been required to stay later or work a longer day than his usual schedule.

53.     For example, Defendants have required Plaintiff Ortega to work an additional 30 minutes past his scheduled departure time once a week, and have not paid him for the additional time he has worked.

54.     Plaintiff Ortega has never been notified by Defendants that his tips are being included as an offset for wages.

55.     Defendants have not accounted for these tips in any daily or weekly accounting of Plaintiff Ortega's wages.

56.    Plaintiff Ortega has not been required to keep track of his time, nor to his knowledge, have the Defendants utilized any time tracking device such as punch cards, that accurately reflects his actual hours worked.

57.    No notification, either in the form of posted notices or other means, has ever been given to Plaintiff Ortega regarding overtime and wages under the FLSA and NYLL.

58.    Defendants have never provided Plaintiff Ortega an accurate statement of wages, as required by NYLL 195(3).

59.    Defendants have never given any notice to Plaintiff Ortega, in English and in Spanish (Plaintiff Ortega's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

60.    Defendants have required Plaintiff Ortega to purchase "tools of the trade" with his own funds—including a car, a van, $30 per week in parking meters and ten tickets for not getting to the parking meters in time.

*Plaintiff Julio Cesar Lara*

61.    Plaintiff Lara was employed by Defendants from approximately April 2016 until on or about March 30, 2017.

62.    Defendants ostensibly employed Plaintiff Lara as a delivery worker.

63.    However, Plaintiff Lara was also required to spend a significant portion of his work day performing the non-tipped duties described above.

64.    Although Plaintiff Lara ostensibly was employed as a delivery worker, he spent over 20% of each day performing non-tipped work throughout his employment with Defendants.

65.    Plaintiff Lara regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

66.     Plaintiff Lara's work duties required neither discretion nor independent judgment.

67.     Throughout his employment with Defendants, Plaintiff Lara regularly worked in excess of 40 hours per week.

68.     From approximately April 2016 until on or about June 2016, Plaintiff Lara worked as a delivery worker from approximately 11:30 a.m. until on or about 9:30 p.m., Mondays and from approximately 12:00 p.m. until on or about 7:00 p.m., Sundays (typically 17 hours per week).

69.     From approximately July 2016 until on or about August 2016, Plaintiff Lara worked as a delivery worker from approximately 11:30 a.m. until on or about 9:30 p.m., Mondays, from approximately 11:30 a.m. until on or about 8:00 p.m., Thursdays and Fridays, and from approximately 12:00 p.m. until on or about 7:00 p.m., Sundays (typically 34 hours per week).

70.     From approximately August 2016 until on or about November 2016, Plaintiff Lara worked as a delivery worker from approximately 11:30 a.m. until on or about 9:30 p.m., Mondays through Wednesdays, from approximately 11:30 a.m. until on or about 7:30 p.m. to 8:00 p.m., Thursdays and Fridays, and from approximately 12:00 p.m. until on or about 7:00 p.m., Sundays (typically 53 to 54 hours per week).

71.     From approximately November 2016 until on or about March 30, 2017, Plaintiff Lara worked as a delivery worker from approximately 11:30 a.m. until on or about 9:30 p.m., Mondays and Tuesdays, from approximately 11:30 a.m. until on or about 7:30 p.m. to 8:00 p.m., Wednesdays through Fridays, and from approximately 12:00 p.m. until on or about 6:00 p.m. to 7:00 p.m., Sundays (typically 52 to 53 hours per week).

72.     Throughout his employment, Defendants paid Plaintiff Lara his wages in cash.

73.     From approximately April 2016 until on or about March 30, 2017, Defendants paid Plaintiff Lara $6.00 per regular and overtime hours.

74.    Plaintiff Lara's pay did not vary even when he was required to stay later or work a longer day than his usual schedule.

75.    For example, Defendants required Plaintiff Lara to work an additional 30 minutes to 1 hours past his scheduled departure time once or twice a week, and did not pay him for the additional time he worked.

76.    Defendants never granted Plaintiff Lara any breaks or meal periods of any kind.

77.    Plaintiff Lara was never notified by Defendants that his tips were being included as an offset for wages.

78.    Defendants did not account for these tips in any daily or weekly accounting of Plaintiff Lara's wages.

79.    Plaintiff Lara was not required to keep track of his time, nor to his knowledge, did the Defendants utilize any time tracking device such as punch cards, that accurately reflected his actual hours worked.

80.    No notification, either in the form of posted notices or other means, was ever given to Plaintiff Lara regarding overtime and wages under the FLSA and NYLL.

81.    Defendants did not provide Plaintiff Lara an accurate statement of wages, as required by NYLL 195(3).

82.    Defendants did not give any notice to Plaintiff Lara, in English and in Spanish (Plaintiff Lara's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

83.    Defendants required Plaintiff Lara to purchase "tools of the trade" with his own funds—including car maintenance and repair, gas, $30 per week in parking meters and numerous tickets for not getting to the parking meters in time.

*Plaintiff Victor Castillo Hidalgo*

84.     Plaintiff Castillo has been employed by Defendants from approximately March 2017 until the present date.

85.     Defendants have ostensibly employed Plaintiff Castillo as a delivery worker.

86.     However, Plaintiff Castillo has also been required to spend a significant portion of his work day performing the non-tipped duties described above.

87.     Although Plaintiff Castillo has ostensibly been employed as a delivery worker, he has spent over 20% of each day performing non-tipped work throughout his employment with Defendants.

88.     Plaintiff Castillo has regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

89.     Plaintiff Castillo's work duties have required neither discretion nor independent judgment.

90.     Throughout his employment with Defendants, Plaintiff Castillo has regularly worked in excess of 40 hours per week.

91.     From approximately March 2017 until the present date, Plaintiff Castillo has worked as a delivery worker from approximately 11:30 a.m. until on or about 9:30 p.m. to 10:00 p.m., Mondays, from approximately 5:00 p.m. until on or about 9:30 p.m. to 10:00 p.m., Wednesdays, from approximately 11:30 a.m. until on or about 7:00 p.m. to 9:00 p.m., Thursdays and Fridays, from approximately 12:00 p.m. until on or about 6:00 p.m. to 7:00 p.m., Sundays, and from approximately 12:00 p.m. until on or about 8:00 p.m. to 9:00 p.m., about 6 Saturdays throughout his employment (typically 35.5 to 41.5 (and 43.5 to 50.5 when he has worked 7 days per week) hours per week).

92.     Throughout his employment, Defendants have paid Plaintiff Castillo his wages in cash.

93.     From approximately March 2017 until the present date, Defendants have paid Plaintiff Castillo $6.00 per regular and overtime hours.

94.     Plaintiff Castillo's pay has never varied even when he has been required to stay later or work a longer day than his usual schedule.

95.     For example, Defendants have required Plaintiff Castillo to work an additional 30 minutes past his scheduled departure time 4 days a week, and have not paid him for the additional time he has worked.

96.     Defendants have never granted Plaintiff Castillo any breaks or meal periods of any kind.

97.     Plaintiff Castillo has never been notified by Defendants that his tips are being included as an offset for wages.

98.     Defendants have not accounted for these tips in any daily or weekly accounting of Plaintiff Castillo's wages.

99.     Plaintiff Castillo has not been required to keep track of his time, nor to his knowledge, have the Defendants utilized any time tracking device such as punch cards, that accurately reflects his actual hours worked.

100.    No notification, either in the form of posted notices or other means, has ever been given to Plaintiff Castillo regarding overtime and wages under the FLSA and NYLL.

101.    Defendants have never provided Plaintiff Castillo an accurate statement of wages, as required by NYLL 195(3).

102.    Defendants have never given any notice to Plaintiff Castillo, in English and in Spanish (Plaintiff Castillo's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

103.    Defendants have required Plaintiff Castillo to purchase "tools of the trade" with his own funds—including a car, monthly car insurance, $30 per week in parking meters 6 tickets  for not getting to the parking meter in time and car repairs and maintenance.

*Defendants' General Employment Practices*

104.    At all times relevant to this Complaint, Defendants have maintained a policy and practice of requiring Plaintiffs (and all similarly situated employees) to work in excess of 40 hours a week without paying them appropriate minimum wage, spread of hours pay, and overtime compensation as required by federal and state laws.

105.    Plaintiffs have been victims of Defendants' common policy and practices which violate their rights under the FLSA and New York Labor Law by, *inter alia*, not paying them the wages they have been owed for the hours they have worked.

106.    Defendants' pay practices have resulted in Plaintiffs not receiving payment for all their hours worked, and resulting in Plaintiffs' effective rate of pay falling below the required minimum wage rate.

107.    Defendants have habitually required Plaintiffs to work additional hours beyond their regular shifts but have not provided them with any additional compensation.

108.    Defendants have willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

109.    Defendants have required Plaintiffs and all delivery workers to perform general non-tipped tasks in addition to their primary duties as delivery workers. These Plaintiffs and all similarly situated employees, have ostensibly been employed as tipped employees by Defendants, although their actual duties included a significant amount of time spent performing non-tipped duties.

110.    These Plaintiffs and all other tipped workers have been paid at a rate that is lower than the required lower tip-credit rate by Defendants.

111.    However, under state law, Defendants are not entitled to a tip credit because the tipped worker's and these Plaintiffs' non-tipped duties exceed 20% of each workday (or 2 hours a day, whichever is less) (12 N.Y.C.R.R. § 146).

112.    New York State regulations provide that an employee cannot be classified as a tipped employee on any day in which he or she has been assigned to work in an occupation in which tips are not customarily received. (12 N.Y.C.R.R. §§137-3.3 and 137-3.4). Similarly, under federal regulation 29 C.F.R. §531.56(e), an employer may not take a tip credit for any employee time if that time is devoted to a non-tipped occupation.

113.    Plaintiffs' duties have not been incidental to their occupation as tipped workers, but instead have constituted entirely unrelated general restaurant work with duties, including the non-tipped duties described above.

114.    In violation of federal and state law as codified above, Defendants have classified these Plaintiffs and other tipped workers as tipped employees, and have paid them at a rate that is lower than the required lower tip-credit rate when they should have classified them as non-tipped employees and paid them at the minimum wage rate.

115.    Defendants have failed to inform Plaintiffs who received tips that Defendants intend to take a deduction against Plaintiffs' earned wages for tip income, as required by the NYLL before any deduction may be taken.

116.    Defendants have failed to inform Plaintiffs who received tips, that their tips are being credited towards the payment of the minimum wage.

117.    Defendants have failed to maintain a record of tips earned by Plaintiffs who have worked as delivery workers for the tips they received.

118.    Plaintiffs have been paid their wages in cash.

119.    Defendants have failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

120.    Upon information and belief, these practices by Defendants have been done willfully to disguise the actual number of hours Plaintiffs (and similarly situated individuals) worked, and to avoid paying Plaintiffs properly for their full hours worked.

121.    Defendants have engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

122.    Defendants' unlawful conduct is intentional, willful, in bad faith, and has caused significant damages to Plaintiffs and other similarly situated workers.

123.    Defendants have failed to provide Plaintiffs  and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece,

commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

124.    Defendants have failed to provide Plaintiffs  and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

125.    Plaintiffs bring their FLSA minimum wage, overtime compensation, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

126.    At all relevant times, Plaintiffs and other members of the FLSA Class have been similarly situated in that they have had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage, overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA, and willfully failing to keep records required by the FLSA.

127.     The claims of Plaintiffs stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

## VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

128.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

129.     At all times relevant to this action, Defendants have been Plaintiffs' employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).  Defendants have had the power to hire and fire Plaintiffs (and the FLSA Class Members), controlled the terms and conditions of their employment, and determined the rate and method of any compensation in exchange for their employment.

130.     At all times relevant to this action, Defendants have been engaged in commerce or in an industry or activity affecting commerce.

131.     Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

132.     In violation of 29 U.S.C. § 206(a), Defendants have failed to pay Plaintiffs (and the FLSA Class members) at the applicable minimum hourly rate.

133.     Defendants' failure to pay Plaintiffs (and the FLSA Class members) at the applicable minimum hourly rate is willful within the meaning of 29 U.S.C. § 255(a).

134.     Plaintiffs (and the FLSA Class members) have been damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

## VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

135.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

136.    Defendants, in violation of 29 U.S.C. § 207(a)(1), have failed to pay Plaintiffs (and the FLSA Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

137.    Defendants' failure to pay Plaintiffs (and the FLSA Class members), overtime compensation is willful within the meaning of 29 U.S.C. § 255(a).

138.    Plaintiffs (and the FLSA Class members) have been damaged in an amount to be determined at trial.

### THIRD CAUSE OF ACTION

### VIOLATION OF THE NEW YORK MINIMUM WAGE ACT

139.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

140.    At all times relevant to this action, Defendants have been Plaintiffs' employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.  Defendants have had the power to hire and fire Plaintiffs, controlled the terms and conditions of their employment, and determined the rates and methods of any compensation in exchange for their employment.

141.    Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, have paid Plaintiffs less than the minimum wage.

142.    Defendants' failure to pay Plaintiffs the minimum wage is willful within the meaning of N.Y. Lab. Law § 663.

143.    Plaintiffs have been damaged in an amount to be determined at trial.

### FOURTH CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS

### OF THE NEW YORK STATE LABOR LAW

144.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

145.    Defendants, in violation of N.Y. Lab. Law § 190 *et seq*., and supporting regulations of the New York State Department of Labor, have failed to pay Plaintiffs overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

146.    Defendants' failure to pay Plaintiffs overtime compensation is willful within the meaning of N.Y. Lab. Law § 663.

147.    Plaintiffs have been damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION

### VIOLATION OF THE SPREAD OF HOURS WAGE ORDER

### OF THE NEW YORK COMMISSIONER OF LABOR

148.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

149.    Defendants have failed to pay Plaintiffs one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiffs' spread of hours has exceeded ten hours in violation of NYLL §§ 650 *et seq*. and 12 N.Y.C.R.R. §§ 146-1.6.

150.    Defendants' failure to pay Plaintiffs an additional hour's pay for each day Plaintiffs' spread of hours exceeded ten hours is willful within the meaning of NYLL § 663.

151.    Plaintiffs have been damaged in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION

### VIOLATION OF THE NOTICE AND RECORDKEEPING

### REQUIREMENTS OF THE NEW YORK LABOR LAW

152.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

153.    Defendants have failed to provide Plaintiffs with a written notice, in English and in Spanish (Plaintiffs' primary language), containing: the rate or rates of pay and basis thereof, whether

paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

154.     Defendants are liable to each Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION

### VIOLATION OF THE WAGE STATEMENT PROVISIONS

### OF THE NEW YORK LABOR LAW

155.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

156.     With each payment of wages, Defendants have failed to provide Plaintiffs with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

157.     Defendants are liable to each Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

## EIGHTH CAUSE OF ACTION

### RECOVERY OF EQUIPMENT COSTS

158.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

159.    Defendants have required Plaintiffs to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform their jobs, further reducing their wages in violation of the FLSA and NYLL.  29 U.S.C.  § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

160.    Plaintiffs have been damaged in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against Defendants by:

(a)    Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b)    Declaring that Defendants have violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs and the FLSA Class members;

(c)    Declaring that Defendants have violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs and the FLSA Class members;

(d)    Declaring that Defendants have violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiffs' and the FLSA Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(e)    Declaring that Defendants' violations of the provisions of the FLSA are willful as to Plaintiffs and the FLSA Class members;

(f)     Awarding Plaintiffs and the FLSA Class members damages for the amount of unpaid minimum wage, overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g)     Awarding Plaintiffs and the FLSA Class members liquidated damages in an amount equal to 100% of their damages for the amount of unpaid minimum wage and overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h)     Declaring that Defendants have violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs;

(i)     Declaring that Defendants have violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs;

(j)     Declaring that Defendants have violated the spread-of-hours requirements of the NYLL and supporting regulations as to Plaintiffs;

(k)     Declaring that Defendants have violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiffs' compensation, hours, wages and any deductions or credits taken against wages;

(l)     Awarding Plaintiffs damages for the amount of unpaid minimum wage and overtime compensation, and for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL as applicable

(m)     Awarding Plaintiffs damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(n)     Awarding Plaintiffs liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage, overtime compensation, and spread of hours pay

shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(o)    Awarding Plaintiffs and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(p)    Awarding Plaintiffs the expenses incurred in this action, including costs and attorneys' fees;

(q)    Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(r)    All such other and further relief as the Court deems just and proper.

## JURY DEMAND

 Plaintiffs demand a trial by jury on all issues triable by a jury.

Dated:  New York, New York
        February 8, 2018

                            MICHAEL FAILLACE & ASSOCIATES, P.C.

                    By:    /s/ Michael Faillace
                           Michael Faillace [MF-8436]
                           60 East 42nd Street, Suite 4510
                           New York, New York 10165
                           Telephone: (212) 317-1200
                           Facsimile: (212) 317-1620
                           *Attorneys for Plaintiffs*

# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

———

Faillace@employmentcompliance.com

February 6, 2018

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                    Victor Castillo Hidalgo

Legal Representative / Abogado:    Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:                    06 de febrero de 2018

*Certified as a minority-owned business in the State of New York*

# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

—————

Faillace@employmentcompliance.com

February 5, 2018

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                    Julio Cesar Lara

Legal Representative / Abogado:    Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:                     5 de Febrero 2018

*Certified as a minority-owned business in the State of New York*

# Michael Faillace & Associates, P.C.
### Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

February 1, 2018

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                    Jose Agustin  Ortega Eustate

Legal Representative / Abogado:    Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:                     1 de febrero 2018

*Certified as a minority-owned business in the State of New York*