**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JOSE AGUSTIN ORTEGA EUSTATE, JULIO CESAR LARA, and VICTOR CASTILLO HIDALGO, *individually and on behalf of others similarly situated,* | 18-cv-1142<br><br>**SETTLEMENT AGREEMENT**<br>**AND**<br>**RELEASE** |
| Plaintiffs, | |
| -against- | |
| AMENDOLA PIZZA TRATTORIA INC. (D/B/A AMENDOLA PIZZA), AMENDOLA'S PIZZARIA, INC. (D/B/A AMENDOLA PIZZA), MATTEO AMENDOLA, MATTHEW AMENDOLA, and SEVERIO AMENDOLA, | |
| Defendants. | |

This Settlement Agreement and Release of Claims ("Agreement") is entered into by and among Plaintiffs Jose Agustin Ortega Eustate, Julio Cesar Lara, and Victor Castillo Hidalgo ("Plaintiffs") on the one hand, Amendola Pizza Trattoria Inc. (d/b/a Amendola Pizza) and Amendola's Pizzaria, Inc. (d/b/a Amendola Pizza), ("Defendant Corporation"), Matteo Amendola and Matthew Amendola, ("Individual Defendant"), (collectively, "Defendants"), on the other hand.

WHEREAS, Plaintiffs allege that they worked for Defendants as employees; and

WHEREAS, a dispute has arisen regarding Plaintiffs' alleged employment and the terms thereof, which dispute has resulted in the filing of an action in the United States District Court for the Southern District of New York, Civil Action No: 18-cv-1142 (hereinafter "the Litigation"), alleging, among other things, a violation of federal and state wage and hour and overtime laws;

WHEREAS, Defendants deny any violation of federal and state wage and hour and overtime laws; and

WHEREAS, the parties desire to resolve all disputes between them without the necessity of further litigation;

NOW, THEREFORE, in consideration of the mutual covenants and promises herein contained and other good and valuable consideration, receipt of which is hereby acknowledged, it is hereby agreed as follows:

1. Payment: Defendants shall pay or cause to be paid to Plaintiffs, subject to the terms and

conditions of this Agreement, and as full, complete, and final settlement and final satisfaction of any and all claims or potential claims Plaintiffs may have against Defendants through the Effective Date of this Agreement, including all counsel fees and costs incurred by Plaintiffs, the gross sum of Seventy Thousand Dollars and No Cents ($70,000.00) (the "Settlement Amount") to be paid to Plaintiffs' attorneys in Nineteen ("19") installments, as follows:

(a)    Installment One: A post-dated check in the amount of Thirty Thousand Dollars and No Cents ($30,000.00) made payable to "Michael A. Faillace, Esq." for immediate deposit on September 15, 2018, delivered to Plaintiffs' counsel within five days of the full execution of the settlement documents. Determination of the Plaintiff's share, counsel fees, and costs, is the responsibility solely of the Plaintiff and his counsel.

(b)    Installment Two: A post-dated check in the amount of Two Thousand Two Hundred Twenty-Two Dollars and Twenty-Two Cents ($2,222.22) made payable to "Michael A. Faillace, Esq. " for immediate deposit on October 15, 2018, delivered to Plaintiff's counsel within five days of the full execution of the settlement documents. Determination of the Plaintiff's share, counsel fees, and costs, is the responsibility solely of the Plaintiff and his counsel.

(c)    Installment Three: A post-dated check in the amount of Two Thousand Two Hundred Twenty-Two Dollars and Twenty-Two Cents ($2,222.22) made payable to "Michael A. Faillace, Esq." for immediate deposit on November 15, 2018, delivered to Plaintiff's counsel within five days of the full execution of the settlement documents. Determination of the Plaintiff's share, counsel fees, and costs, is the responsibility solely of the Plaintiff and his counsel.

(d)    Installment Four: A post-dated check in the amount of Two Thousand Two Hundred Twenty-Two Dollars and Twenty-Two Cents ($2,222.22) made payable to "Michael A. Faillace, Esq." for immediate deposit on December 15, 2018, delivered to Plaintiff's counsel within five days of the full execution of the settlement documents. Determination of the Plaintiff's share, counsel fees, and costs, is the responsibility solely of the Plaintiff and his counsel.

(e)    Installment Five: A post-dated check in the amount of Two Thousand Two Hundred Twenty-Two Dollars and Twenty-Two Cents ($2,222.22) made payable to "Michael A. Faillace, Esq." for immediate deposit on January 15, 2019, delivered to Plaintiff's counsel within five days of the full execution of the settlement documents. Determination of the Plaintiff's share, counsel fees, and costs, is the responsibility solely of the Plaintiff and his counsel.

(f)    Installment Six: A post-dated check in the amount of Two Thousand Two Hundred Twenty-Two Dollars and Twenty-Two Cents ($2,222.22) made payable to "Michael A. Faillace, Esq. " for immediate deposit on February 15, 2019, delivered to Plaintiff's counsel within five days of the full execution of the settlement documents. Determination of the Plaintiff's share, counsel fees, and costs, is the responsibility solely of the Plaintiff and his counsel.

(g)      Installment Seven:  A post-dated check in the amount of Two Thousand Two Hundred Twenty-Two Dollars and Twenty-Two Cents ($2,222.22) made payable to "Michael A. Faillace, Esq." for immediate deposit on March 15, 2019, delivered to Plaintiff's counsel within five days of the full execution of the settlement documents.  Determination of the Plaintiff's share, counsel fees, and costs, is the responsibility solely of the Plaintiff and his counsel.

(h)      Installment Eight:  A post-dated check in the amount of Two Thousand Two Hundred Twenty-Two Dollars and Twenty-Two Cents ($2,222.22) made payable to "Michael A. Faillace, Esq." for immediate deposit on April 15, 2019, delivered to Plaintiff's counsel within five days of the full execution of the settlement documents.  Determination of the Plaintiff's share, counsel fees, and costs, is the responsibility solely of the Plaintiff and his counsel.

(i)      Installment Nine:  A post-dated check in the amount of Two Thousand Two Hundred Twenty-Two Dollars and Twenty-Two Cents ($2,222.22) made payable to "Michael A. Faillace, Esq." for immediate deposit on May 15, 2019, delivered to Plaintiff's counsel within five days of the full execution of the settlement documents.  Determination of the Plaintiff's share, counsel fees, and costs, is the responsibility solely of the Plaintiff and his counsel.

(j)      Installment Ten:  A post-dated check in the amount of Two Thousand Two Hundred Twenty-Two Dollars and Twenty-Two Cents ($2,222.22) made payable to "Michael A. Faillace, Esq. " for immediate deposit on June 15, 2019, delivered to Plaintiff's counsel within five days of the full execution of the settlement documents. Determination of the Plaintiff's share, counsel fees, and costs, is the responsibility solely of the Plaintiff and his counsel.

(k)      Installment Eleven:  A post-dated check in the amount of Two Thousand Two Hundred Twenty-Two Dollars and Twenty-Two Cents ($2,222.22) made payable to "Michael A. Faillace, Esq. " for immediate deposit on July 15, 2019, delivered to Plaintiff's counsel within five days of the full execution of the settlement documents. Determination of the Plaintiff's share, counsel fees, and costs, is the responsibility solely of the Plaintiff and his counsel.

(l)      Installment Twelve:  A post-dated check in the amount of Two Thousand Two Hundred Twenty-Two Dollars and Twenty-Two Cents ($2,222.22) made payable to "Michael A. Faillace, Esq. " for immediate deposit on August 15, 2019, delivered to Plaintiff's counsel within five days of the full execution of the settlement documents. Determination of the Plaintiff's share, counsel fees, and costs, is the responsibility solely of the Plaintiff and his counsel.

(m)     Installment Thirteen:  A post-dated check in the amount of Two Thousand Two Hundred Twenty-Two Dollars and Twenty-Two Cents ($2,222.22) made payable to "Michael A. Faillace, Esq." for immediate deposit on September 15, 2019, delivered to Plaintiff's counsel within five days of the full execution of the settlement documents. Determination of the Plaintiff's share, counsel fees, and costs, is the responsibility solely of the Plaintiff and his counsel.

(n)    Installment Fourteen: A post-dated check in the amount of Two Thousand Two Hundred Twenty-Two Dollars and Twenty-Two Cents ($2,222.22) made payable to "Michael A. Faillace, Esq. " for immediate deposit on October 15, 2019, delivered to Plaintiff's counsel within five days of the full execution of the settlement documents. Determination of the Plaintiff's share, counsel fees, and costs, is the responsibility solely of the Plaintiff and his counsel.

(o)    Installment Fifteen: A post-dated check in the amount of Two Thousand Two Hundred Twenty-Two Dollars and Twenty-Two Cents ($2,222.22) made payable to "Michael A. Faillace, Esq." for immediate deposit on November 15, 2019, delivered to Plaintiff's counsel within five days of the full execution of the settlement documents. Determination of the Plaintiff's share, counsel fees, and costs, is the responsibility solely of the Plaintiff and his counsel.

(p)    Installment Sixteen:  A post-dated check in the amount of Two Thousand Two Hundred Twenty-Two Dollars and Twenty-Two Cents ($2,222.22) made payable to "Michael A. Faillace, Esq." for immediate deposit on December 1, 2019, delivered to Plaintiff's counsel within five days of the full execution of the settlement documents. Determination of the Plaintiff's share, counsel fees, and costs, is the responsibility solely of the Plaintiff and his counsel.

(q)    Installment Seventeen:  A post-dated check in the amount of Two Thousand Two Hundred Twenty-Two Dollars and Twenty-Two Cents ($2,222.22) made payable to "Michael A. Faillace, Esq." for immediate deposit on January 1, 2020, delivered to Plaintiff's counsel within five days of the full execution of the settlement documents. Determination of the Plaintiff's share, counsel fees, and costs, is the responsibility solely of the Plaintiff and his counsel.

(r)    Installment Eighteen:  A post-dated check in the amount of Two Thousand Two Hundred Twenty-Two Dollars and Twenty-Two Cents ($2,222.22) made payable to "Michael A. Faillace, Esq." for immediate deposit on February 1, 2020, delivered to Plaintiff's counsel within five days of the full execution of the settlement documents. Determination of the Plaintiff's share, counsel fees, and costs, is the responsibility solely of the Plaintiff and his counsel.

(s)    Installment Nineteen:  A post-dated check in the amount of Two Thousand Two Hundred Twenty-Two Dollars and Twenty-Two Cents ($2,222.26) made payable to "Michael A. Faillace, Esq." for immediate deposit on March 1, 2020, delivered to Plaintiff's counsel within five days of the full execution of the settlement documents. Determination of the Plaintiff's share, counsel fees, and costs, is the responsibility solely of the Plaintiff and his counsel. ·

Within 30 days of this Agreement being approved by the Court, all of the post-dated checks/payments set forth above shall be delivered to the office of Michael Faillace & Associates, P.C. to the attention of Michael Faillace, Esq., 60 East 42nd Street, Suite 4510, New York, NY 10165.  Failure to deliver said checks shall constitute a default under the Agreement.

(a).    Concurrently with the execution of this Agreement, Defendants Amendola Pizza Trattoria Inc. (d/b/a Amendola Pizza), Amendola's Pizzaria, Inc. (d/b/a Amendola Pizza), Matteo Amendola and Matthew Amendola shall each execute and deliver to Plaintiffs' counsel confessions of judgment ("Confessions of Judgment") in the form annexed hereto as Exhibits respectively.  The Parties hereby acknowledge and agree that the Confessions of Judgment will be held in escrow by Plaintiffs' and will not be entered and/or filed at any time other than (i) in the event that the Defendants fail to make any of the installment payments as set forth above, i.e., one of the postdated checks fails to clear in Plaintiffs' counsel's escrow account, or Defendants fail to deliver the payments to Plaintiffs' counsel within five days of the Court approving the Agreement, and (ii) Defendants fail to cure such default within ten (10) business days of receipt of written notice (to be delivered to Defendants by first class mail via their counsel, Leonard E. Lombardi, Esq., at PO Box 2502, Briarcliff Manor New York 10510.   Any such Notice of Default shall be deemed received five (5) days after it is mailed.

2.    Release and Covenant Not To Sue:    Plaintiffs hereby irrevocably and unconditionally release from and forever discharges and covenant not to sue Defendants, and for each of them, their heirs, successors, assigns, affiliates, parent organizations, subsidiaries, directors, owners, shareholders, members, agents, attorneys, legal representatives and managers any and all charges, complaints, claims, causes of action, suits, debts, liens, contracts, rights, demands, controversies, losses, costs and or expenses, including legal fees and any other liabilities of any kind or nature whatsoever, known or unknown, suspected or unsuspected, whether fixed or contingent (hereinafter referred to as "claim" or "claims") which each Plaintiffs at any time has, had, claims or claimed to have against Defendants relating specifically to the claims in the Litigation that have occurred as of the Effective Date of this Agreement.  Similarly, Defendants release and discharge Plaintiffs from any and all known claims, and liabilities of any kind that they have, had or claimed to have against Plaintiffs relating specifically to the claims in the Litigation that have occurred as of the Effective Date of this Agreement.

3.    No Admission of Wrongdoing: This Agreement and compliance with this Agreement shall not be construed as an admission by Defendants of any liability whatsoever, or of any violation of any statute, regulation, duty, contract, right or order.

4.    Modification of the Agreement: This Agreement may not be changed unless the changes are in writing and signed by a proper representative of Plaintiffs and Defendants.

5.    Acknowledgments: Plaintiffs and Defendants acknowledge that they are not relying upon any statement, representation or promise in executing this Agreement except for statements, representations or promises expressly set forth in this Agreement. They further acknowledge and agree that the only consideration for signing this Agreement is as set forth in this Agreement.

6.    Notices: Notices required under this Agreement shall be in writing and shall be deemed given on the first business day following first-class mailing and electronic transmission thereof.  Notice hereunder shall be delivered to:

To Plaintiffs:

Michael Faillace, Esq.
MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd St. Suite 4510
New York, NY 10165
Tel: (212) 317-1200
Fax: (212) 317-1620
Email: michael@faillacelaw.com

To Defendants:

Leonard E. Lombardi
Leonard E. Lambardi P.C.
PO Box 2502
17 Tappan Terrace
Briarcliff Manor, New York 10510
Tel: (914) 472-4242
Fax: (866) 330-0531
Email: lel@lelombardi.com

7.    Governing Law:  This Agreement shall be governed by, and interpreted in accordance with, the laws of the State of New York, excluding the conflict-of-laws principles thereof.  The parties consent and stipulate to the personal jurisdiction of the United States District Court for the Southern District of New York and the Supreme Court of the State of New York in any subsequent proceeding to enforce this Agreement.

8.    Enforceability: If any provision of this Agreement is held to be illegal, void, or unenforceable, such provision shall be of no force or effect. However, the illegality or unenforceability of such provision shall have no effect upon, and shall not impair the legality or enforceability of, any other provision of this Agreement, provided, however, that upon any finding by a court of competent jurisdiction that a release or waiver of claims or rights or a covenant set forth herein is illegal, void or unenforceable, Plaintiffs agree to promptly execute a release, waiver and/or covenant that is legal and enforceable.

9.    Release Notification: Defendants advised Plaintiffs to discuss the terms of this Agreement and release of claims with their legal counsel and Plaintiffs acknowledge that they have consulted with Michael Faillace, Esq. of Michael Faillace & Associates, P.C., Plaintiffs acknowledge that it is their choice to waive any potential claims in return for the benefits set forth herein and that each of them made this decision after careful thought and a reasonable period of time to consider this Agreement, and after an opportunity to consult with their attorneys.  Plaintiffs confirm that this Settlement Agreement and Release has been translated to them in Spanish and that they understand the terms of this Agreement and that they are signing this Agreement voluntarily.

10.    Counterparts: To signify their agreement to the terms of this Agreement and Release, the parties have executed this Agreement on the date set forth opposite their signatures,

which appear below. This Agreement may be executed in two or more counterparts and each of such counterparts, for all purposes, shall be deemed to be an original but all of such counterparts together shall constitute but one and the same instrument, binding upon all parties hereto, notwithstanding that all of such parties may not have executed the same counterpart. This agreement may also be executed by facsimile transmission.

PLAINTIFFS:

By: _____     Date: 09/14/2018
JOSE AGUSTIN ORTEGA EUSTATE

By: _____     Date: 9/17/2018
JULIO CESAR LARA

By: _____     Date: 9-18-18
VICTOR CASTILLO HIDALGO

DEFENDANTS:

By: _____     Date: September 10, 2018
AMENDOLA PIZZA TRATTORIA INC.

By: _____     Date: September 10, 2018
AMENDOLA'S PIZZARIA, INC.

By: _____     Date: September 10, 2018
MATTEO AMENDOLA

By: _____     Date: September 10, 2018
MATTHEW AMENDOLA

# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - x

JOSE AGUSTIN ORTEGA EUSTATE,　　　　　　　:
JULIO CESAR LARA, and VICTOR　　　　　　　:
CASTILLO HIDALGO, *individually and*　　　　:
*on behalf of others similarly situated,*　　　　　:
　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　Plaintiffs,　　:
　　　　　　　　　　　　　　　　　　　　　:
　　　　　　-against-　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　:
AMENDOLA PIZZA TRATTORIA INC.　　　　　:
(D/B/A AMENDOLA PIZZA),　　　　　　　　:
AMENDOLA'S PIZZARIA, INC. (D/B/A　　　　:
AMENDOLA PIZZA), MATTEO　　　　　　　:
AMENDOLA, MATTHEW AMENDOLA,　　　　:
and SEVERIO AMENDOLA,　　　　　　　　:

　　　　　　　　　　　　　　　Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - x

**AFFIDAVIT OF CONFESSION OF JUDGMENT**

STATE OF NEW YORK　　　)
　　　　　　　　　　　　: ss.:
COUNTY OF　　　　　　　)

MATTEO AMENDOLA, being duly sworn, deposes and says:

1.　　I reside in 34 Buena Vista Drive, Peekskill, New York 10566, Westchester County.

2.　　I, Matteo Amendola, am the President Amendola Pizza Trattoria Inc. (d/b/a Amendola Pizza).  I am duly authorized to make this affidavit of confession of judgment on behalf of Amendola Pizza Trattoria Inc. (d/b/a Amendola Pizza).

3.　　Amendola Pizza Trattoria Inc. (d/b/a Amendola Pizza), maintains its principal place of business Westchester County at 203 E Hartsdale Ave., Hartsdale, NY 10530.

4.　　Pursuant to the terms of the Settlement Agreement and Release by and between Jose Agustin Ortega Eustate, Julio Cesar Lara, and, Victor Castillo Hidalgo (each a "Plaintiff" and collectively, "Plaintiffs") and Amendola Pizza Trattoria Inc. (d/b/a Amendola Pizza), Amendola's Pizzaria, Inc. (d/b/a Amendola Pizza), Matteo Amendola, Matthew Amendola, and, Severio Amendola (each a "Defendant" and collectively, "Defendants"), to which this Affidavit is annexed, I hereby confess judgment and authorize entry thereof against Amendola Pizza Trattoria Inc. (d/b/a Amendola Pizza) in favor of Plaintiffs for the sum of Seventy Thousand Dollars and No Cents ($70,000.00), less any payments made under the Settlement Agreement.

5.    This affidavit of confession of judgment is for a debt justly due to Plaintiffs under the terms of the Settlement Agreement, to which this Affidavit is annexed, which provides that Defendants are to submit a total sum of 70,000.00 to Plaintiffs.  The amount of this affidavit of confession of judgment represents the settlement amount of 70,000.00.

4.    This affidavit is made upon good and valuable consideration, the sufficiency of which I acknowledge on behalf of Defendants, including, without limitation, the terms and provisions of the Settlement Agreement.

5.    I hereby represent my understanding that upon Defendants' breach of the Settlement Agreement and failure to cure, this Confession of Judgment shall be docketed and entered in the Supreme Court of the State of New York as a judgment for $70,000.00 (less any amounts already paid to Plaintiffs pursuant to the above schedule), against Amendola Pizza Trattoria Inc. (d/b/a Amendola Pizza).

Amendola Pizza Trattoria Inc.

By: _____
    Matteo Amendola
    Title: President

STATE OF NEW YORK          )
COUNTY OF WESTCHESTER      ) ss.:

On September 10th , 2018, before me personally came Matteo Amendola, to me known, who, by me duly sworn, did depose and say that deponent resides at 34 Buena Vista Drive, Peekskill, New York 10566, that deponent is the President of Amendola Pizza Trattoria Inc. the party described herein, and that deponent executed the foregoing Affidavit of Confession of Judgment on behalf of Amendola Pizza Trattoria Inc. and was authorized to do so.

_____
    Notary Public

LEONARD E. LOMBARDI
Notary Public, State of New York
Registration No. 02LO4780197
Qualified in Westchester County
Commission Expires September 30, 2022

# EXHIBIT B

SUPREME COURT OF THE STATE OF NEW YORK

---------------------------x

JOSE AGUSTIN ORTEGA EUSTATE,
JULIO CESAR LARA, and VICTOR
CASTILLO HIDALGO, *individually and
on behalf of others similarly situated,*

                                               *Plaintiffs,*

             -against-

AMENDOLA PIZZA TRATTORIA INC.
(D/B/A AMENDOLA PIZZA),
AMENDOLA'S PIZZARIA, INC. (D/B/A
AMENDOLA PIZZA), MATTEO
AMENDOLA, MATTHEW AMENDOLA,
and SEVERIO AMENDOLA,

                                      *Defendants.*

**AFFIDAVIT OF CONFESSION OF
JUDGMENT**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

STATE OF NEW YORK     )
                          : ss.:
COUNTY OF              )

       MATTEO AMENDOLA, being duly sworn, deposes and says:

       1.     I reside in 34 Buena Vista Drive, Peekskill, New York 10566, Westchester County.

       2.     I, Matteo Amendola, am the President Amendola Pizza Trattoria Inc. (d/b/a Amendola Pizza).  I am duly authorized to make this affidavit of confession of judgment on behalf of Amendola Pizza Trattoria Inc. (d/b/a Amendola Pizza).

       3.     Amendola Pizza Trattoria Inc. (d/b/a Amendola Pizza), maintains its principal place of business Westchester County at 203 E Hartsdale Ave., Hartsdale, NY 10530.

       4.     Pursuant to the terms of the Settlement Agreement and Release by and between Jose Agustin Ortega Eustate, Julio Cesar Lara, and, Victor Castillo Hidalgo (each a "Plaintiff" and collectively, "Plaintiffs") and Amendola Pizza Trattoria Inc. (d/b/a Amendola Pizza), Amendola's Pizzaria, Inc. (d/b/a Amendola Pizza), Matteo Amendola, Matthew Amendola, and, Severio Amendola (each a "Defendant" and collectively, "Defendants"), to which this Affidavit is annexed, I hereby confess judgment and authorize entry thereof against Amendola Pizza Trattoria Inc. (d/b/a Amendola Pizza) in favor of Plaintiffs for the sum of Seventy Thousand Dollars and No Cents ($70,000.00), less any payments made under the Settlement Agreement.

terms of the Settlement Agreement, to which this Affidavit is annexed, which provides that Defendants are to submit a total sum of 70,000.00 to Plaintiffs. The amount of this affidavit of confession of judgment represents the settlement amount of 70,000.00.

6.    This affidavit is made upon good and valuable consideration, the sufficiency of which I acknowledge on behalf of Defendants, including, without limitation, the terms and provisions of the Settlement Agreement.

7.    I hereby represent my understanding that upon Defendants' breach of the Settlement Agreement and failure to cure, this Confession of Judgment shall be docketed and entered in the Supreme Court of the State of New York as a judgment for $70,000.00 (less any amounts already paid to Plaintiffs pursuant to the above schedule), against Amendola's Pizzaria, Inc. (d/b/a Amendola Pizza).

Amendola's Pizzaria, Inc.

By: _____
Matteo Amendola
Title: President


STATE OF NEW          )
COUNTY OF WESTCHESTER   ) ss.:


On September 10th, 2018, before me personally came Matteo Amendola, to me known, who, by me duly sworn, did depose and say that deponent resides at 34 Buena Vista Drive, Peekskill, New York 10566, that deponent is the President of Amendola Pizza Trattoria Inc. the party described herein, and that deponent executed the foregoing Affidavit of Confession of Judgment on behalf of Amendola Pizza Trattoria Inc. and was authorized to do so.

_____
Notary Public

LEONARD E. LOMBARDI
Notary Public, State of New York
Registration No. 02LO4780197
Qualified in Westchester County
Commission Expires September 30, 2017

2021

# EXHIBIT C

SUPREME COURT OF THE STATE OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - x

JOSE AGUSTIN ORTEGA EUSTATE,  :
JULIO CESAR LARA, and VICTOR  :
CASTILLO HIDALGO, *individually and on*  :
*behalf of others similarly situated,*  :
                                                            :
                                        Plaintiffs,  :        **AFFIDAVIT OF CONFESSION OF**
                                                            :                  **JUDGMENT**
                                                            :
                    -against-  :
                                                            :
AMENDOLA PIZZA TRATTORIA INC.  :
(D/B/A AMENDOLA PIZZA),  :
AMENDOLA'S PIZZARIA, INC. (D/B/A  :
AMENDOLA PIZZA), MATTEO  :
AMENDOLA, MATTHEW AMENDOLA,  :
and SEVERIO AMENDOLA,  :

                                        *Defendants.*
- - - - - - - - - - - - - - - - - - - - - - - - - - - x


STATE OF NEW YORK        )
                                          : ss.:
COUNTY OF                      )


        MATTEO AMENDOLA, being duly sworn, deposes and says:


        1.        I reside in 34 Buena Vista Drive, Peekskill, New York 10566, Westchester
County.

        2.        Pursuant to the terms of the Settlement Agreement and Release by and between
Jose Agustin Ortega Eustate, Julio Cesar Lara, and, Victor Castillo Hidalgo (each a "Plaintiff"
and collectively, "Plaintiffs") Amendola Pizza Trattoria Inc. (d/b/a Amendola Pizza),
Amendola's Pizzaria, Inc. (d/b/a Amendola Pizza), Matteo Amendola, Matthew Amendola, and,
Severio Amendola (each a "Defendant" and collectively, "Defendants"), to which this Affidavit
is annexed, I hereby confess judgment and authorize entry thereof against me individually and in
favor of Plaintiffs for the sum of Seventy Thousand Dollars and No Cents ($70,000.00), less any
payments made under the Settlement Agreement.

        3.        This affidavit of confession of judgment is for a debt justly due to Plaintiffs under
the terms of the Settlement Agreement, to which this Affidavit is annexed, which provides that
Defendants are to submit a total sum of 70,000.00 to Plaintiffs.  The amount of this affidavit of
confession of judgment represents the settlement amount of 70,000.00.

        4.        This affidavit is made upon good and valuable consideration, the sufficiency of

which I acknowledge on behalf of Defendants, including, without limitation, the terms and provisions of the Settlement Agreement.

5.    I hereby represent my understanding that upon Defendants' breach of the Settlement Agreement and failure to cure, this Confession of Judgment shall be docketed and entered in the Supreme Court of the State of New York as a judgment for $70,000.00 (less any amounts already paid to Plaintiffs pursuant to the above schedule), against me, Matteo Amendola.

_____
Matteo Amendola

Sworn to before me this
10 th day of September,  2018

_____
Notary Public

LEONARD E. LOMBARDI
Notary Public, State of New York
Registration No. 02LO4780197
Qualified in Westchester County
Commission Expires September 30, 2022

# EXHIBIT D

SUPREME COURT OF THE STATE OF NEW YORK

– – – – – – – – – – – – – – – – – – – – – – – – – – x

JOSE AGUSTIN ORTEGA EUSTATE,
JULIO CESAR LARA, and VICTOR
CASTILLO HIDALGO, *individually and on
behalf of others similarly situated,*

                           *Plaintiffs,*

     -against-

AMENDOLA PIZZA TRATTORIA INC.
(D/B/A AMENDOLA PIZZA),
AMENDOLA'S PIZZARIA, INC. (D/B/A
AMENDOLA PIZZA), MATTEO
AMENDOLA, MATTHEW AMENDOLA,
and SEVERIO AMENDOLA,

                         *Defendants.*

– – – – – – – – – – – – – – – – – – – – – – – – – – x

:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:

**AFFIDAVIT OF CONFESSION OF
JUDGMENT**

STATE OF NEW YORK    )
                       : ss.:
COUNTY OF           )

     MATTHEW AMENDOLA, being duly sworn, deposes and says:

     1.     I reside at Unit 5AE. 100 E. Hartsdale Avenue, Hartsdale, New York 10530, Westchester County.

     2.     Pursuant to the terms of the Settlement Agreement and Release by and between Jose Agustin Ortega Eustate, Julio Cesar Lara, and, Victor Castillo Hidalgo (each a "Plaintiff" and collectively, "Plaintiffs") Amendola Pizza Trattoria Inc. (d/b/a Amendola Pizza), Amendola's Pizzaria, Inc. (d/b/a Amendola Pizza), Matteo Amendola, Matthew Amendola, and, Severio Amendola (each a "Defendant" and collectively, "Defendants"), to which this Affidavit is annexed, I hereby confess judgment and authorize entry thereof against me individually and in favor of Plaintiffs for the sum of Seventy Thousand Dollars and No Cents ($70,000.00), less any payments made under the Settlement Agreement.

     3.     This affidavit of confession of judgment is for a debt justly due to Plaintiffs under the terms of the Settlement Agreement, to which this Affidavit is annexed, which provides that Defendants are to submit a total sum of 70,000.00 to Plaintiffs. The amount of this affidavit of confession of judgment represents the settlement amount of 70,000.00.

     4.     This affidavit is made upon good and valuable consideration, the sufficiency of which I acknowledge on behalf of Defendants, including, without limitation, the terms and

provisions of the Settlement Agreement.

5.    I hereby represent my understanding that upon Defendants' breach of the Settlement Agreement and failure to cure, this Confession of Judgment shall be docketed and entered in the Supreme Court of the State of New York as a judgment for $70,000.00 (less any amounts already paid to Plaintiffs pursuant to the above schedule), against me, Matthew Amendola.

_____
Matthew Amendola

Sworn to before me this
10th day of September, 2018

_____
Notary Public

LEONARD E. LOMBARDI
Notary Public, State of New York
Registration No. 02LO4780197
Qualified in Westchester County
Commission Expires September 30, 2017